ACCEPTED
03-15-00499-CR
6823789
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/8/2015 12:21:57 PM
JEFFREY D. KYLE
CLERK

# No. 03-15-00499-CR

In the
Court of Appeals
Third District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/8/2015 12:21:57 PM

JEFFREY D. KYLE
Clerk

---

**The State of Texas,**
Appellant

v.

**Robert Simpson,**
Appellee

---

Appeal from the 167th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-14-201815

---

## STATE'S BRIEF

---

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

*Oral argument is requested*

## Identity of Parties and Counsel

Trial Judge:  **P. David Wahlberg**
167th Judicial District Court
P.O. Box 1748
Austin, Texas 78767

Trial Counsel for State:  **Aurora Perez**
Travis County District Attorney's Office
P.O. Box 1748
Austin, Texas 78767

Appellate Counsel for State:  **Angie Creasy**
Travis County District Attorney's Office
P.O. Box 1748
Austin, Texas 78767

Defendant/Appellee:  **Robert Simpson**

Counsel for Defendant:  **Daniel H. Wannamaker**
1012 Rio Grande Street
Austin, Texas 78701

i

# Table of Contents

Identity of Parties and Counsel .............................................................. i

Index of Authorities........................................................................... iii

Statement of the Case ...................................................................... iv

Statement of Facts ...............................................................................1

Summary of the State's Argument.......................................................3

Standard of Review............................................................................ 4

Argument........................................................................................... 4

  Point One: The warrantless blood draw, which is mandated by
statute, is constitutionally reasonable under the Fourth
Amendment. ...................................................................................... 5

  Point Two: Alternatively, there was no violation of the Fourth
Amendment because the officer made a reasonable mistake of law.
.........................................................................................................10

Prayer ............................................................................................... 11

Certificate of Compliance and Service ...............................................12

ii

# Index of Authorities

## Cases

*Breithaupt v. Abram*, 352 U.S. 432, 77 S. Ct. 408, 1 L. Ed. 2d 448 (1957).................................................................................. 8

*Heien v. North Carolina*, __ U.S. __, 135 S. Ct. 530, 190 L. Ed. 2d 475 (2014).................................................................................10

*Luquis v. State*, 72 S.W.3d 355 (Tex. Crim. App. 2002)...................... 9

*Maryland v. King*, __ U.S. __, 133 S. Ct. 1958, 186 L. Ed. 2d 1 (2013) .................................................................................. 5

*Missouri v. McNeely*, __ U.S. __, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013) .................................................................................. 8

*Neesley v. State*, 239 S.W.3d 780 (Tex. Crim. App. 2007)...............6, 7

*Samson v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d. 250 (2006).................................................................................. 6

*Segundo v. State*, 270 S.W.3d 79 (Tex. Crim. App. 2008) .................. 5

*Shepherd v. State*, 273 S.W.3d 681 (Tex. Crim. App. 2008) .............. 4

*South Dakota v. Neville*, 459 U.S. 553, 103 s. Ct. 916, 74 L. Ed. 2d 748 (1983) .................................................................................. 8

*State v. Johnston*, 336 S.W.3d 649 (Tex. Crim. App. 2011) ................ 8

*State v. Mosely,* 348 S.W.3d 435 (Tex. App.—Austin 2011, pet. ref'd).7

*State v. Villarreal*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014) ........................................ 4, 6

*Winston v. Lee*, 470 U.S. 753, 105 S. Ct. 1611, 84 L. Ed. 2d 662 (1985) .................................................................................. 8

## Statutes

Tex. Penal Code § 49.04 .................................................................. iv

Tex. Penal Code § 49.09 .................................................................. iv

Tex. Transp. Code § 724.012............................................................. 5

Tex. Transp. Code § 724.017............................................................. 9

## Statement of the Case

A grand jury indicted the defendant for driving while intoxicated with three prior convictions. CR 16-17; Tex. Penal Code § 49.04, 49.09(b)(2). The trial court granted the defendant's motion to suppress the blood test results, and the State gave notice of appeal. CR 37-42.

**No. 03-15-00499-CR**

In the
Court of Appeals
Third District
Austin, Texas

---

**The State of Texas,**
Appellant

v.

**Robert Simpson,**
Appellee

---

Appeal from the 167th Judicial District Court
Travis County, Texas
Cause Number D-1-DC-14-201815

---

**STATE'S BRIEF**

---

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief, and in support thereof respectfully shows the following:

**Statement of Facts**

The defendant filed a motion to suppress, which argued that the DWI blood draw violated his Fourth Amendment rights. CR 18. After a hearing, the trial court made the following findings of fact, conclusions of law, and order:

Findings of Fact

1. On March 29, 2014, Trooper Erich Herd 14175 arrested the defendant for driving while intoxicated.

2. The judge upheld the probable cause for the stop.

3. Trooper Herd read the DIC 24 (statutory warnings) to the defendant.

4. The defendant refused Trooper Herd's request to voluntarily submit to the taking of a blood specimen.

5. At the time of arrest, the officer received reliable information from a credible source that the defendant had been previously convicted, on two occasions, of driving while intoxicated.

6. Relying on Tex. Transp. Code §§ 724.011(a) and 724.012(b), Trooper Herd directed Peter Compton, a nurse at St. Davids Medical Center, to take a blood sample from the defendant.

7. Trooper Herd relied in good faith on Tex. Transp. Code §§ 724.011(a) and 724.012(b) in obtaining the warrantless blood draw.

8. The blood draw complied with the requirements of the Texas Transportation Code.

9. Trooper Herd did not get, or attempt to get, a search warrant to draw blood.

Conclusions of Law

10. The defendant did not consent to the blood draw.

11. There were no exigent circumstances in this case.

12. The blood draw in the defendant's case violated the Fourth Amendment to the U.S. Constitution because there was no warrant, no consent, and no exigent circumstances. *See Missouri v. McNeely*, 133 S. Ct. 1552 (2013).

13. The federal exclusionary rule bars admission of the evidence in this case because the evidence was obtained in violation of the Fourth Amendment.

14. The Texas exclusionary rule (Tex. Code Crim. Proc. art. 38.23) bars the admission of the evidence in this case because the evidence was obtained in violation of the Fourth Amendment.

On the basis of the above findings and conclusions, the motion to suppress the blood draw evidence is GRANTED. *See* CR 37-38.

The State is appealing this order. CR 37-42.

## Summary of the State's Argument

The warrantless blood draw, which is mandated by Tex. Transp. Code § 724.011(b), does not violate the Fourth Amendment because it is a reasonable search.

Alternatively, there was no violation of the Fourth Amendment because the officer made a reasonable mistake of law in believing that there was a valid statutory mandate for the blood draw.

## Standard of Review

The appellate court reviews a ruling on a motion to suppress evidence for an abuse of discretion. The appellate court views the facts in the light most favorable to the trial court's decision. The appellate court reviews *de novo* the trial court's application of the law of search and seizure to those facts. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).

## Argument

As a starting point, the State acknowledges that the Texas Court of Criminal Appeals has held that a warrantless blood draw, conducted pursuant to the mandatory blood draw statute, violated the Fourth Amendment because it did not fall under any recognized exception to the warrant requirement. *State v. Villarreal*, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898 (Tex. Crim. App. Nov. 26, 2014).

But *Villarreal* is not final. The Court of Criminal Appeals granted a motion for rehearing on February 25, 2015. *See id.*, 2015 Tex. Crim. App. LEXIS 201. The court may issue a different decision upon rehearing, especially since the court was split 5-4 and three of the judges who joined the majority opinion have since left the court. In

light of this, the State continues to argue that the warrantless blood draw is constitutional.

### *Point One: The warrantless blood draw, which is mandated by Tex. Transp. Code § 724.011(b), does not violate the Fourth Amendment because it is a reasonable search.*

The warrantless blood draw in this case was mandated by Tex. Transp. Code § 724.012(b)(3)(B), which states that police shall take a specimen of breath or blood when they have reliable information that a suspect has two prior DWI convictions, as in this case.

When evaluating the constitutionality of statutorily-mandated searches, courts routinely apply a traditional Fourth Amendment balancing test, which weighs the statute's promotion of legitimate government interests against the intrusion on individual privacy. *See Maryland v. King*, ___ U.S. ___, 133 S. Ct. 1958, 186 L. Ed. 2d 1 (2013); *Segundo v. State*, 270 S.W.3d 79, 96-99 (Tex. Crim. App. 2008); *Samson v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d. 250 (2006). This balancing test approach is consistent with the plain language of the Fourth Amendment, which does not actually require a

warrant or warrant exception, but rather, prohibits unreasonable searches.[1]

A traditional balancing test weighs in favor of the constitutionality of Section 724.012(b)(3)(B).

To begin, the State has a significant legitimate interest in the primary purpose of Section 724.012(b), which is to save lives and decrease the number of casualties caused by drunken drivers. *Neesley v. State*, 239 S.W.3d 780, 785 (Tex. Crim. App. 2007). Mandatory draws identify intoxicated drivers, so that the State can remove them from the roads through administrative license revocations. Mandatory draws also promote safety through their deterrent effect.

The State also has a legitimate interest in preserving evidence, both for administrative licensing hearings and criminal prosecutions. Timely blood alcohol evidence is indisputably the most probative evidence of intoxication, far more so than subjective observations, field sobriety tests, or retrograde extrapolation. The Texas Legislature

---

[1] The Court of Criminal Appeals declined to conduct a balancing test in *Villarreal*, holding instead that the mandatory blood draw must fall under a recognized warrant exception. *Villarreal*, 2014 Tex. App. LEXIS 1898, at *59-75. The State is making this argument, however, because *Villarreal* is not final.

acted reasonably in passing a law that requires police to secure this evidence, in serious cases, before it dissipates.

Reasonableness is also shown in that the statute does not leave blood draws to the discretion of the officer on the scene. Instead, the circumstances requiring blood draws are clearly set out in the statute, which was enacted by the Legislature, which is itself a neutral and detached body. Clear guidelines also further the State's legitimate interest in readily applicable rules for officers in the field, which are not subject to second-guessing months and years down the road.

The law is narrowly tailored in scope. The statute only allows one useable blood draw, and it only applies to 1) people who are arrested 2) based on probable cause 3) for driving while intoxicated 4) on public roads. *Neesley*, 239 S.W.3d at 786; *State v. Mosely,* 348 S.W.3d 435, 444 (Tex. App.—Austin 2011, pet. ref'd).

The law also takes the gravity of the crime into consideration by mandating draws only in serious cases, such as felonies or cases with injuries.

Additionally, the search specified by the statute (a blood draw) is reasonable because blood testing is a highly effective means of

determining the degree to which a person is under the influence of alcohol. *State v. Johnston*, 336 S.W.3d 649, 659-60 (Tex. Crim. App. 2011).

Also, blood tests are commonplace and involve virtually no risk, trauma, or pain. The Supreme Court has stated time and again that a blood draw is a minimally intrusive search that does not constitute an unduly extensive imposition on an individual's privacy and bodily integrity. *See Schmerber*, 384 U.S. at 771; *Skinner* 489 U.S. at 625; *Winston v. Lee*, 470 U.S. 753, 761-62, 105 S. Ct. 1611, 84 L. Ed. 2d 662 (1985); *South Dakota v. Neville*, 459 U.S. 553, 563, 103 s. Ct. 916, 74 L. Ed. 2d 748 (1983); *Breithaupt v. Abram*, 352 U.S. 432, 436-37, 77 S. Ct. 408, 1 L. Ed. 2d 448 (1957); *but see Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552, 1558, 185 L. Ed. 2d 696 (2013).

The Transportation Code also limits who can draw blood and where it can be drawn. Tex. Transp. Code § 724.017; *Johnston*, at 661 (noting that Section 724.017 is reasonable under the Fourth Amendment).

Additionally, the law mandates testing only on people who are already under arrest, and such arrestees have significantly diminished

expectations of privacy. Arrestees are not free to leave, so the testing's interference with their freedom to move does not infringe on significant privacy interests either. Drivers also have a reduced expectation of privacy and are subject to extensive regulations.

Finally, the defendant bears the burden of establishing that statutes are unconstitutional, courts presume that statutes are constitutional and resolve all reasonable doubts in favor of their constitutionality, and the mere fact that opinions regarding constitutionality may differ is not a sufficient basis to strike down a statute. *Luquis v. State*, 72 S.W.3d 355, 363, 365-66 (Tex. Crim. App. 2002). The presumption of constitutionality afforded legislation should not to be disposed of lightly. Laws passed by elected representatives represent the will of the people. Of course, courts must safeguard against violations of the Constitution, but in determining what is "reasonable" under the Fourth Amendment, the fact that the Legislature has passed laws mandating these searches speaks volumes as to what the people of Texas believe is reasonable.

In sum, a traditional Fourth Amendment balancing test shows that the blood draw search mandated by Section 724.012(b)(3)(B) is a reasonable, constitutional search.

**_Point Two: Alternatively, there was no violation of the Fourth Amendment because the officer made a reasonable mistake of law._**

Recently, the Supreme Court held that an officer does not violate the Fourth Amendment if he stops the defendant based on a reasonable mistake of law. _Heien v. North Carolina_, ___ U.S. ___, 135 S. Ct. 530, 540, 190 L. Ed. 2d 475 (2014).

The Court reiterated that the touchstone of the Fourth Amendment is reasonableness. _Id._ at 536. To be reasonable is not to be perfect. _Id._ Thus, the Fourth Amendment allows for searches and seizures based on reasonable mistakes. _Id._

In accordance with the reasoning in _Heien_, the officer in this case did not violate the Fourth Amendment if he drew the defendant's blood based on a reasonable mistake of law.

The officer in this case clearly believed that there was a valid statutory mandate for a blood draw. If the officer was mistaken about the law, his mistake was reasonable. For years, Texas's police officers,

prosecutors, defense attorneys, and judges have assumed that warrantless blood draws taken pursuant to the mandatory blood draw statute were constitutional.

In short, the blood draw did not violate the Fourth Amendment because the officer's mistake of law, if any, was reasonable.

## Prayer

The State asks this Court to sustain its points of error, reverse the trial court's order suppressing the results of the blood analysis, and remand this case to the trial court for further proceedings.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

**Angie Creasy**
Assistant District Attorney
State Bar No. 24043613
P.O. Box 1748
Austin, Texas 78767

11

(512) 854-9400
Fax (512) 854-4810
Angie.Creasy@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

## Certificate of Compliance and Service

I certify that this brief contains 1,879 words. I further certify that,

on the 8th day of September, 2015, a true and correct copy of this brief

was served, by U.S. mail, electronic mail, facsimile, or electronically

through the electronic filing manager, to Daniel H. Wannamaker,

1012 Rio Grande Street, Austin, Texas 78701.

**Angie Creasy**